**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BUNDY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SALEM CITY POLICE DEPARTMENT,<br><br>　　　　　　Defendant. | Civil Action No. 21-20194 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

　　This matter comes before the Court on Plaintiff James Bundy's *in forma pauperis* application (ECF No. 3) and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Having reviewed the application, and having determined that leave to proceed without prepayment of fees is warranted in this matter, Plaintiff's *in forma pauperis* application is granted. As Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed.

**I.　BACKGROUND**

　　Plaintiff is a prisoner currently confined in the Salem County Correctional Facility. (ECF No. 1 at 3.) In August 2019, Plaintiff was in a car with three other individuals in Salem City which was pulled over by the police. (*Id.* at 5.) During that traffic stop, police searched the vehicle and found a firearm. (*Id.* at 5-6.) It is not clear where the firearm was found, but Plaintiff contends,

without further explanation that he was the "lest likely person" to "have access to the gun" based on "the positioning of the people in the car." (*Id.* at 5.) Although two of the passengers were released by police, Plaintiff and one other individual were arrested and placed in the Salem County Correctional Facility. (*Id.* at 5-6.) Plaintiff remained detained, apparently on charges related to the firearm, for eleven months during which he attempted to convince authorities that he was not the one who possessed the firearm, without avail. (*Id.* at 6.) After these eleven months, however, Plaintiff was released as the other arrested passenger of the car pled guilty to possessing the weapon. (*Id.*) Plaintiff's charges were thereafter dismissed without prejudice "at a later date." (*Id.*). Based on these allegations, Plaintiff contends that the Salem City Police Department should be liable for false arrest and imprisonment because he believes that he was "falsely accused." (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise false arrest and false imprisonment claims against the Salem City Police Department pursuant to 42 U.S.C. § 1983. False arrest and imprisonment claims are two sides of the same coin and have the same essential elements: that the plaintiff was arrested and placed into custody while the arresting officers lacked probable cause to believe he had committed a crime. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). A plaintiff's factual innocence or guilt is thus irrelevant to such a claim. Here, Plaintiff alleges that he was a passenger in a car which, when searched during a traffic stop, contained a firearm. Although Plaintiff asserts

3

that he was the "least likely" to be able to actively access the weapon inside of the car, he does not elaborate on this assertion, nor does he explain how direct access to the firearm while driving is ultimately relevant to the charges on which he was arrested. Plaintiff has thus failed to plead facts which would give rise to an inference that the police lacked probable cause to arrest him and his complaint therefore fails to state a claim for which relief may be granted, and for this reason must be dismissed without prejudice.

While this deficiency alone warrants the dismissal of the complaint without prejudice, the Court notes two further issues with Plaintiff's claims. First, Plaintiff names only one Defendant – the Salem City Police Department. A police department, however, is not a person subject to suit under § 1983. *See, e.g., Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016). The Department is therefore not a proper defendant in this civil rights matter. Finally, the Court notes that Plaintiff's complaint concerns an arrest that occurred in August 2019 – more than two years before he filed this matter. As false arrest and imprisonment charges accrue at the time a criminal defendant is bound over pursuant to legal process – i.e., when he appears for an arraignment or bail hearing, *see Wallace v. Kato*, 549 U.S. 384, 388 (2007), and as § 1983 claims in New Jersey are subject to a two-year statute of limitations, *see Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013), Plaintiff's claims in this matter would almost certainly be time barred, absent some basis for tolling of the limitations period, if his initial arraignment or bail hearing occurred prior

to November 19, 2019, two years before he appears to have filed his complaint.[1] Plaintiff should address these two issues should he choose to file an amended complaint in this matter.[2]

IV.  **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

                                              Hon. Karen M. Williams,
                                              United States District Judge

---

[1] This Court received Plaintiff's complaint on November 24, 2021. Plaintiff's complaint, however, was not dated. The account statement he provided with his initial complaint, however, includes a charge incurred on November 19, 2021. (*See* ECF No. 1-2 at 3.) As a prisoner is deemed to have filed his complaint on the date he submitted it for mailing, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011), and as Plaintiff could not have mailed his complaint and account statement before the date of this latest charge, the earliest date on which he could possibly have filed his complaint by submitting it for mailing is November 19, 2021. This Court therefore uses that date in this opinion.

[2] Facts which would be relevant to a probable cause analysis that Plaintiff may address include the nature of the charges against Plaintiff, how his being best able to access the firearm in the vehicle is relevant to those charges, how the later dismissal of the charges would show a lack of probable cause as opposed to merely indicating that Plaintiff's co-defendant chose to take responsibility for the charged offenses, and the name or identity of a proper § 1983 Defendant. Facts and arguments relevant to the time bar issue may include the timeline of Plaintiff's arrest and arraignment, as well as any argument for the tolling of the statute of limitations Plaintiff can provide.